IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY L. MCGEE, § | | |
| TDCJ No. 1047716, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:25-453-S-BN | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Rickey L. McGee, a Texas prisoner, was convicted by a jury

of two counts of aggravated robbery after he pulled a gun on two people and took their wallets. A jury sentenced McGee to 60 years in prison. An intermediate Texas court affirmed his conviction and sentence on direct appeal. The Texas Court of Criminal Appeals ("TCCA") subsequently denied discretionary review. McGee then sought state habeas relief, which was denied by the TCCA without written opinion. Afterward, McGee filed a federal habeas petition in the Northern District of Texas. The district court denied relief in February 2022. McGee sought a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) so that he may challenge the judgment of the district court. [And the United States Court of Appeals for the Fifth Circuit denied the COA.]

*McGee v. Lumpkin*, No. 22-10188, 2022 WL 18935854 (5th Cir. Sept. 8, 2022).

McGee has returned to federal district court to attack his state convictions under 28 U.S.C. § 2254. *See* Dkt. No. 3. The Court has referred McGee's latest habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

And the undersigned enters these findings of fact, conclusions of law, and

recommendation that, because McGee's petition is an unauthorized successive habeas application, and considering his numerous past challenges to these convictions, the Court should dismiss the application without prejudice to McGee's right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application.

Since his initial petition for relief was denied, McGee has filed multiple successive habeas petitions both as motions to reopen or reconsider his original case and as new cases. *See McGee v. Dir., TDCJ-CID*, No. 3:20-cv-1415-X-BN (N.D. Tex.); *McGee v. Dir., TDCJ-CID*, No. 3:23-cv-560-D-BT (N.D. Tex.); *McGee v. Dir., TDCJ-CID*, No. 3:23-cv-2661-S-BN (N.D. Tex.).

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 590 U.S. 504, 507 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not

> ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

McGee has already exercised his "one fair opportunity to seek federal habeas relief from his conviction[s]." *Banister*, 590 U.S. at 507; *see generally McGee*, 2022 WL 18935854. His current claims are fairly interpreted as attacking his underlying convictions and allege defects that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to McGee when he filed an initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222.

He is therefore currently attempting to present claims that are successive. And McGee's failure to obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives this Court of jurisdiction to consider the current habeas application. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring this application to the Fifth Circuit for appropriate action, as it has done on several previous occasions. *See* 28 U.S.C. § 1631; *McGee v. Dir., TDCJ-CID*, No. 3:23-cv-560-D-BT (N.D. Tex.); *McGee v. Dir., TDCJ-CID*, No. 3:23-cv-2661-S-BN (N.D. Tex.). But, given McGee's history of filing successive petitions aimed at his state convictions, "a dismissal without prejudice appears more efficient and better serves the interests of

justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss Petitioner Rickey L. McGee's *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice to his right to file, under 28 U.S.C. § 2244(b)(3), a motion for authorization to file a successive Section 2254 application in the United States Court of Appeals for the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 28, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 5 -